IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DIANA N. HUFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:16-CV-446 |
| ) | |
| DENIS DRAGHICI and ) | |
| OLERO, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Motion for Remand, filed by the plaintiff, Diana N. Huffman, on November 15, 2016. (DE #10.) For the reasons set forth below, the Motion for Remand is **GRANTED**, and this case is **REMANDED** back to the Lake Superior Court of Indiana.

BACKGROUND

On October 6, 2015, the plaintiff, Diana N. Huffman ("Plaintiff") filed her Complaint for Damages and Jury Demand ("Complaint") against the defendants, Denis Draghici and Olero, Inc. (collectively, "Defendants"), in the Lake Superior Court of Indiana. (DE #6.) The case was assigned cause number 45D04-1510-

CT-00193. (*Id.*) Plaintiff's negligence claims arise from a vehicle collision on May 9, 2015. (*Id.*) The Complaint alleges that Plaintiff "sustained injuries, some of which may be permanent, incurred medical expenses and was otherwise damaged." (*Id.*) Defendants filed an Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Answer") with the Lake Superior Court on December 9, 2015. (DE #9.) On October 17, 2016, Defendants filed a Notice of Removal premised on diversity jurisdiction under 28 U.S.C. § 1332(a).[1] (DE #1.) In it, Defendants state that the action was removable pursuant to the provisions of 28 U.S.C. § 1441(a) because Plaintiff issued a Qualified Settlement Offer Pursuant to I.C. § 34-50-1-1 *et. seq.* ("Settlement Offer") to Defendants on September 23, 2016, offering to settle the case for $375,000. (*Id.*; see also DE #1-3.)

On November 15, 2016, Plaintiff filed the instant Motion for Remand, arguing that the Notice of Removal was untimely because it was filed more than one year after the filing of the Complaint. (DE #10.) Defendants filed a response in opposition to the Motion for Remand arguing that Plaintiff acted in bad faith by failing to disclose the amount in controversy, which prevented Defendants

---

[1] It is undisputed that Defendants are citizens of Illinois and Plaintiff is a citizen of Indiana.

from removing the action sooner. (DE #14.) On November 28, 2016, Plaintiff filed her reply, pointing out that the Settlement Offer was sent prior to the expiration of the one year limitation. (DE #15.) The motion is ripe for adjudication.

DISCUSSION

A civil case brought in state court may be removed to federal court as long as the district court has original jurisdiction and the notice of removal is timely. See *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (citing 28 U.S.C. §§ 1441, 1446). Defendants who wish to remove a civil action from state court to federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). The basic requirements for removal are as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

3

28 U.S.C. § 1446(b)(1).  However, if the initial complaint does not provide an immediate basis for removal, a notice of removal may be filed within 30 days of service of a pleading, motion, order, or "other paper"[2] from which it can first be ascertained that the action is removable.  28 U.S.C. § 1446(b)(3).  That said, a case may not be removed under section 1446(b)(3) on the basis of diversity jurisdiction more than one year after the commencement of the action unless it can be shown that the plaintiff acted in bad faith to prevent removal.  28 U.S.C. § 1446(c)(1).  "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)."  28 U.S.C. § 1446(c)(3)(B).

A party who believes removal was improper may file a motion to remand pursuant to 28 U.S.C. section 1447, and unless the defect relates to the lack of subject matter jurisdiction, the motion must be made within thirty days of the filing of the notice of

---

[2] When a complaint fails to specify the amount in controversy, discovery responses or other information in the state court record related to the amount in controversy is considered an "other paper."  See 28 U.S.C. § 1446(c)(3)(A).

removal.[3] 28 U.S.C. § 1447(c). In any event, "[t]he party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) (citing *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758–59 (7th Cir. 2009); see also *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (a party seeking to invoke federal jurisdiction must support her jurisdictional allegations with "competent proof").

Here, in addition to the relevant background information described above, the following additional facts are undisputed:[4] On April 27, 2016, approximately seven months after the Complaint was filed in the Lake County Superior Court, Defendants' attorney, Bruce D. Jones ("Attorney Jones"), sent a letter to Plaintiff's counsel to express an interest in early resolution of the matter and to request a mutual extension of time with respect to written discovery. In response, on or about June 6, 2016, Plaintiff's

---

[3] It is undisputed that the instant Motion for Remand was filed within thirty days of the Notice of Removal.

[4] The Court has borrowed liberally from Defendants' response brief for this section of the facts. (DE #14, pp. 3-5.) The Court notes that Defendants do not provide competent documentary evidence for most of these assertions. However, because Plaintiff agrees with Defendants' recitation of the facts related to early discovery and settlement discussions (see DE #15, p. 1), and because these facts are not dispositive of the issue, the Court assumes they are true for purposes of the instant motion.

counsel indicated that Plaintiff was also interested in early resolution and that Plaintiff would further evaluate the matter. On or about June 29, 2016, Attorney Jones sent a follow-up email to Plaintiff's counsel regarding the status of this case. On August 25, 2016, Attorney Jones filed an unopposed motion to continue the discovery deadlines in this case with the Lake County Superior Court. On September 28, 2016, after receiving Plaintiff's Settlement Offer with a demand of $375,000, Attorney Jones requested some preliminary information and documentation regarding Plaintiff's alleged injuries and alleged special damages, as Plaintiff had not yet responded to Defendants' Interrogatories and Requests for Production. On or about October 3, 2016, Plaintiff's counsel responded via email stating that Plaintiff would extend the Settlement Offer deadline until after written discovery had been exchanged and defense counsel had an opportunity to depose Plaintiff. Defendants filed their Notice of Removal on October 17, 2016, after receipt of this correspondence.

Based on the foregoing, Defendants argue that, because Plaintiff failed to disclose the amount of her alleged damages prior to her Settlement Offer, she acted in bad faith to prevent removal, so the Motion for Remand should be denied. Plaintiff replies by arguing that there is no indication of bad faith because

the Settlement Offer was provided to Defendants before October 6, 2016, the one year anniversary of the date the Complaint was filed.

The Court agrees with Plaintiff. It is undisputed that Plaintiff tendered her Settlement Offer, which indicates a desire to settle the case for $375,000, to Defendants by September 23, 2016. Even assuming, *arguendo*, that Plaintiff dragged her heels in submitting specific discovery responses and documentation related to her alleged injuries and special damages, Defendants were on sufficient notice that the amount in controversy exceeded the amount required to establish diversity jurisdiction via section 1446(b) prior to the expiration of the one year deadline referenced in section 1446(c)(1). Although both parties proceed upon the assumption that the "commencement of the action" was October 6, 2015, the record indicates otherwise. Federal courts must look to applicable state law to determine when a suit is commenced. See e.g. *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005). In Indiana, a civil suit is commenced "when the initiating party files the original and necessary copies of the complaint, the prescribed filing fee, and the original and necessary copies of the summons." *Holmes v. Celadon Trucking Services of Indiana*, Inc., 936 N.E.2d 1254, 1257 (Ind. App. 2010) (citing Indiana Trial Rule 3). Evidence that the required summons

documents were sent to the clerk via certified or registered mail is sufficient to show that "filing" was complete. *Id*. (citing Indiana Trial Rule 5(F)). Although neither party addresses this issue in detail, a review of the state court docket shows that, at the latest, the suit was commenced by October 15, 2015. See *Diana N. Huffman v. Denis Draghici and Olero, Inc.*, Cause No. 45D04-1510-CT-00193 (Complaint filed October 6, 2015; $100 filing fee paid on October 15, 2015; additional state and county fees paid on October 15, 2015; summons issued to Defendants via certified mail on October 15, 2015). Either way, whether October 6th or October 15th is credited for commencement purposes, by the time Defendants filed their Notice of Removal on October 17, 2016, it was too late. Defendants offer no explanation for the delay between the date of the Settlement Offer and the date of the filing of the Notice of Removal. In reality, it matters little what the reason was. Removal more than one year after the commencement of the suit is only proper under section 1446(c) if the Court finds that Plaintiff acted in bad faith to prevent removal. Despite Defendants' assertion that Plaintiff did so by failing to disclose the amount in controversy in a timely manner, there is absolutely no evidence of bad faith in the record. Defendants argue that Attorney Jones "attempted to inquire as to removability through their numerous

8

correspondence regarding early resolution of this case." However, even crediting Defendants' recitation of the facts as outlined above,[5] the Court finds nothing untoward in the sequence of events; rather, the timeline suggests nothing more than typical discovery extensions and early settlement communications. Defendants do not present evidence that they specifically asked Plaintiff about the amount in controversy or about removal, nor have they shown that Plaintiff declined to furnish them with that information upon request. According to Defendants, the extensions of the discovery deadlines were mutual, and there is no indication that Plaintiff missed any court ordered deadlines. Had Defendants provided evidence to the contrary, the Court might be more willing to credit their argument that Plaintiff acted in bad faith by deliberately failing to disclose the actual amount in controversy in order to prevent removal. As it stands, however, the fact that Plaintiff did disclose her Settlement Offer in advance of the one year deadline cuts heavily against any argument of bad faith advanced by Defendants. If Plaintiff had truly wanted to prevent removal, she could have waited until the deadline had passed altogether and/or provided Defendants with misleading information to downplay

---

[5] Again, the Court notes that Defendants do not cite to documentary evidence to support their argument.

the amount in controversy. She did neither of those things. There is simply no reasonable basis upon which to make a finding of bad faith in this case. As such, Defendants have failed to show by competent evidence that the Notice of Removal, which was filed more than one year after the commencement of the action, was proper. See *Morris*, 718 F.3d at 668; *Schur*, 577 F.3d at 758-59; see also *Chase*, 110 F.3d at 427. Accordingly, the Court finds that remand is appropriate.

CONCLUSION

For the reasons set forth above, the Motion for Remand (DE #10) is **GRANTED**, and this case is **REMANDED** back to the Lake Superior Court of Indiana.

**DATED: September 28, 2017**         **/s/RUDY LOZANO, Judge**
                                      **United States District Court**